# IN THE MATTER OF ERNESTO FERNANDO SCHLUTER.

---

San Juan.

ON APPLICATION TO TAKE THE OATH OF ALLEGIANCE AND BE CONSIDERED A CITIZEN OF THE UNITED STATES.

Naturalization—Petition by One Born in Porto Rico of Alien Parent.
 Section 5 of the Organic Act, approved March 2, 1917, should be construed in the light of the Naturalization Law, and the form of the petition of a person born in Porto Rico of an alien parent should show, among other things, that the applicant is not a polygamist, nor a believer in the practice of polygamy, nor an anarchist.

Opinion filed March 12, 1917.

---

*Mr. Hugh R. Francis* for applicant.

### In the Matter of Schluter.

HAMILTON, Judge, delivered the following opinion:

The petition in this case proceeds upon the theory that all that is necessary is for the petitioner to state and afterwards to show by affidavit that he was born in Porto Rico of an alien parent, is permanently residing in Porto Rico, and is of full age, and that thereupon he shall, without more, be considered to be a citizen of the United States.

This seems to be substantially what is required by § 5 of the Organic Act, approved March 2, 1917, but it seems to the court that this section should be construed in the light of the Naturalization Law, and that the form of the petition should follow in a general way the form of declaration that is set out in § 27 of the Act of 1906, omitting what is inapplicable, "and should show amongst other things that he is not a polygamist, nor believes in the practice of polygamy, nor an anarchist." To the mind of the court it would be just as contrary to the theory of citizenship for an anarchist or a polygamist to be admitted to citizenship because he was a citizen of Porto Rico, as to permit the same of one emigrating from Europe or elsewhere. In other words, except as to the fact of his residence in the Island, there is no difference between naturalizing the son of an alien and naturalizing an alien himself; and that in a general way the same procedure should be followed, except that there is not a two years' interval between the petition and the order. And when the petition is amended in that way, and proof made by two witnesses, the court will take pleasure in considering the application and making what may seem to be the necessary order. This ruling has no reference to the personality of the present applicant, but is designed merely to establish a mode of procedure in such cases.